IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| LINDA J. NORWOOD, | Case No. 1:23-cv-111 DCLC-CHS |
| Plaintiff, | |
| And | |
| THE ORANGE GROVE CENTER, INC. | |
| Plaintiff/Counter-Defendant, | |
| vs. | |
| DISABILITY RIGHTS TENNESSEE, | |
| Defendant/Counter-Plaintiff. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AMENDED JOINT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENY DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON ALL CLAIMS

**I.      Procedural History**

This matter was removed from the Chancery Court of Hamilton County, Tennessee to this Court pursuant to 28 U.S.C. § 1331 on May 9, 2023. [ECF #1.] On March 19, 2024, Orange Grove was realigned from a defendant to a plaintiff by Order of the Court. [ECF #45.] On April 23, 2024, the parties held their Rule 26(f) Planning Meeting. During that telephonic conference, Plaintiffs notified Defendant that they would likely need to amend their complaint in light of the realignment and Defendant's supplemental pleading. Pursuant to this Court's Scheduling Order entered on May 16, 2024, any motion to amend the pleadings should be filed on or before April 29, 2025. [ECF #51.] On June 24. 2024, Defendant filed a Motion for Judgment on the Pleadings on All Claims ("Motion"). [ECF #53.] On July 9, 2024, Plaintiffs filed a Joint Motion for Leave to File Amended Complaint and Stay Motion for Judgment on the Pleadings on All Claims

("Motion for Leave"). [ECF #55.] The Court permitted Plaintiffs until August 2, 2024 to file their proposed Amended Complaint, which is filed contemporaneously with this amended motion.[1] In the interim, Plaintiffs timely filed a joint response to Defendant's Motion. [ECF #57.] Defendant filed a Reply [ECF #59], and subsequently, Plaintiffs filed a Supplemental Response advising the Court of this present pending motion. [ECF #62.] Since filing their original Motion for Leave, Plaintiffs have determined that the addition of various claims are necessary, hence the filing of the present amended motion and memorandum.

**II.    Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, a court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2); *Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2004 U.S. Dist. LEXIS 29391, at *5-6 (E.D. Tenn. Sep. 17, 2004) (*citing Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Rule 15 embodies a liberal policy in favor of amendments, aimed at ensuring that claims are determined on their merits rather than on technicalities. The Sixth Circuit has consistently upheld this liberal approach to amendments, emphasizing that cases should be tried on their merits. *Powell v. Bartlett Med. Clinic & Wellness Ctr.*, No. 2:20-cv-02118, 2021 U.S. Dist. LEXIS 12970, *7 (S.D. Ohio Jan. 25, 2021); *Harris v. Sowers*, No. 2:16-cv-8882019 U.S. Dist. LEXIS 30890, *8 (S.D. Ohio Feb. 27, 2019). The principle that amendments should be freely granted is rooted in the idea that procedural rules should not be used to prevent a fair trial on the merits.

It is within the district court's discretion to determine whether justice requires amendment. *Stone Door Grp. v. Meade*, No. 1:19-cv-271, 2021 U.S. Dist. LEXIS 85753. *3 (E.D. Tenn. Jan. 20, 2021) (citing *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In determining

---

[1] The Court granted Plaintiffs an extension of time to file their Amended Complaint. [ECF# 61.]

whether justice requires permitting an amendment, courts in the Sixth Circuit consider several factors, including: (1) undue delay in filing the amendment; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) the futility of the amendment. *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008); *see id.* (citing *Schieb v. Boderk*, No. 3:07-CV-446, 2011 U.S. Dist. LEXIS 6673, *2 (E.D. Tenn. Jan. 21, 2011)).

> A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).

*Powell*, 2021 U.S. Dist. LEXIS at *8. Only where the futility of an amendment is so obvious should a motion to amend be disallowed. *See Oro Capital Advisors, LLC v. Borror Constr. Co., LLC*, No. 2:19-cv-5087, 2:20-cv-4894, 2022 U.S. Dist. LEXIS 136772, at *29-30 (S.D. Ohio Aug. 1, 2022).

> Courts in this circuit recognize that futility arguments in the context of a motion to amend are functionally dispositive and present something of a conceptual difficulty when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 U.S. Dist. LEXIS 241761, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020) (citing *Durthaler v. Accounts Receivable Mgmt.*, No. 2:10-cv-1068, 2011 U.S. Dist. LEXIS 121573, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011)). *See also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 U.S. Dist. LEXIS 160907, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint). Absent some glaring futility issue, such as an expired statute of limitations, *see e.g. Oro Capital Advisors, supra*, the Court is

3

> disinclined to delve into the sufficiency of a plaintiff's statement of claims in the context of a motion for leave to amend. Particularly given the judicial inefficiencies that would result from a district judge's consideration of the same Rule 12(b)(6) issues in a subsequent motion to dismiss, the filing of which the Court finds is at least a reasonable possibility. Rather, the Court finds that the more resourceful way to address the sufficiency of Plaintiff's claims is to permit Plaintiff to further amend her complaint and allow Defendant to contest the legal sufficiency of the second amended complaint in an appropriate motion.

*Fitts v. Tenn. Dep't of Safety & Homeland Sec.*, No. 3:23-cv-00709, 2024 U.S. Dist. LEXIS 63776, at *4-5 (M.D. Tenn. Apr. 8, 2024); *see Stone Door Grp.*, 2021 U.S. Dist. at *3-4.

### III. DISCUSSION

In this case, there has been no undue delay, lack of notice, or repeat failure to cure deficiencies by either plaintiff. The parties addressed the need for amended pleadings during their Rule 26(f) planning conference and their motion to amend is timely under this Court's Scheduling Order. Concerning notice as to Plaintiffs' new claims regarding the statutory authority of Defendant, Orange Grove addressed this at the hearing on Orange Grove's Motion to Remand and DRT's Motion to Realign the Parties held before this Court on Friday, March 15, 2024. During oral argument, Orange Grove argued that the guidelines promulgated by the United States Department of Health and Human Services (DHHS), which are relied upon extensively by Defendant to justify its actions, are not laws and cannot be accorded the same deference as the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§ 15001-15115 (2000).

Additionally, there is no undue prejudice or futility in Plaintiffs' proposed amendments. Defendant contends that it is under a federal mandate to investigate complaints of neglect and abuse for individuals with intellectual developmental disabilities. [ECF# 54, Page ID# 443.] Defendant further argues that Plaintiffs are in violation of federal and state law for even

challenging its authority, and that DHHS' administrative regulations grant it expanded authority that is not subject to judicial review. [*Id.*, Page ID# 439.] Plaintiffs contend that, although Defendant's investigative authority may be informed by administrative interpretation of the DD Act, courts, not agencies, should decide "*all* relevant questions of law" arising on review of agency action, and set aside any such action inconsistent with the law as they interpret it, pursuant to *Loper Bright Enters. v. Raimondo*, Nos. 22-451, 22-1219, 2024 U.S. LEXIS 2882, at *33 (June 28, 2024) (emphasis in original).

Additionally, to the extent that DHHS has promulgated rules that are inconsistent with the DD Act, it too has overstepped its statutory authority pursuant to the DD Act and the Administrative Procedures Act (APA), 5 U.S.C. § 551 et seq. An agency of the federal government is only empowered to act within the statutory guidelines establishing its power; "any action exceeding its statutory authority is void." *Tenaska Wash. Partners, L.P. v. United States*, 34 Fed. Cl. 434, 440 (1995) (quoting *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990)).

Finally, Plaintiffs contend that this matter draws into question the constitutionality of the APA and the DD Act, and whether Congress may delegate its legislative function to the executive branch of the United States government in violation of the nondelegation doctrine. Congress creates law, and the executive branch through its administrative agencies implements and administers the law. However, through the APA and the DD Act, Congress has delegated law making to executive agencies. The final rules being promulgated by agencies, such as the DHHS, are being cited and implemented as if they are law. Thus, there are substantial arguments to be made in this matter regarding the balance and separation of governmental powers, statutory authority and interpretation, and the appropriateness of judicial review of agency actions. Defendant can raise defenses in appropriate dispositive motions.

5

Should the Court grant Plaintiffs leave to amend their complaint, Plaintiffs further request that Defendant's Motion pursuant to Fed. R. Civ. P. 12(c) be denied as moot. "Because '[a]n amended complaint supersedes an earlier complaint for all purposes,' *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013), pending motions directed to an initial complaint are generally denied as moot when an amended complaint is filed." *Clabo v. Johnson & Johnson Health Care Sys., Inc.*, No. 3:19-CV-154, 2020 U.S. Dist. LEXIS 1475, *6-7 (E.D. Tenn. Jan. 6, 2020) (internal citations omitted).

### IV. CONCLUSION

In conclusion, under the Sixth Circuit's interpretation of Federal Rule of Civil Procedure 15(a)(2), a complaint should be amended when justice so requires. This liberal policy ensures that claims are decided on their merits, and amendments should be freely granted unless there is a compelling reason to deny them, such as undue delay, bad faith, futility or significant prejudice to the opposing party. Because none of those reasons are present, leave to file a Verified Amended Complaint for Declaratory, Injunctive, and Other Relief should be granted and Defendant's dispositive motion should be denied as moot.

Respectfully submitted,

MCKOON WILLIAMS ATCHLEY & STULCE, PLLC

By: /s/ Zachary Atchley
Fielding Atchley, BPR #001310
Zachary Atchley, BPR #040892
633 Chestnut Street, Suite 1500
Chattanooga, TN 37450
Telephone: (423) 756-6400
fatchley@mwalawfirm.com
zatchley@mwalawfirm.com
(Counsel for Plaintiff Norwood)

GRANT, KONVALINKA & HARRISON, P.C.

By: /s/April H. Sawhill
John P. Konvalinka, BPR #001780
April H. Sawhill, BPR #039906
633 Chestnut Street, Suite 900
Chattanooga, TN 37450
Telephone: (423) 756-8400
jkonvalinka@gkhpc.com
asawhill@gkhpc.com
(Counsel for Plaintiff Orange Grove)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served as indicated below. Parties may access this filing through the Court's electronic filing system.

/s/April H. Sawhill
April H. Sawhill