UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LINDA J. NORWOOD and | ) | |
| THE ORANGE GROVE CENTER | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00111-DCLC-CHS |
| | ) | |
| DISABILITY RIGHTS TENNESSEE | ) | |
| *Defendant.* | ) | |

## ORDER AND REPORT AND RECOMMENDATION

**I.  Introduction**

This matter is before the Court upon Plaintiffs' Amended Motion for Leave to File Amended Complaint and Deny Defendant's Motion for Judgment on the Pleadings on all Claims ("motion for leave to file amended complaint and deny judgment on the pleadings") [Doc. 65]. The Court conducted a hearing on this motion on Thursday, September 12, 2024. Plaintiff Linda Norwood ("Ms. Norwood") was represented by Attorney Fielding Atchley; Plaintiff Orange Grove Center, Inc. ("Orange Grove"), was represented by Attorney John Konvalinka; and Defendant Disability Rights Tennessee ("DRT") was represented by Attorneys Jeremiah Jones, Stacie Price, and Jack Derryberry.

For the reasons stated herein: (1) the motion for leave to file amended Complaint [Doc. 65] will be granted to allow Plaintiffs to file an amended complaint; (2) the undersigned will recommend that the District Court dismiss as moot DRT's Motion for Judgment on the Pleadings [Doc. 53]; and (3) such relief shall be granted without prejudice to DRT's right to file a dispositive motion pursuant to Fed. R. Civ. P. 12 following Plaintiffs' filing of an amended complaint.

## II. Background

Plaintiff Linda Norwood is an attorney who has been appointed to act as a conservator for John Doe, an intellectually and hearing impaired resident of Orange Grove. DRT operates under a federal mandate to investigate allegations of abuse against intellectually disabled individuals. DRT became aware of allegations of abuse against John Doe and attempted to initiate an investigation of those allegations by contacting Orange Grove and Ms. Norwood, in her capacity as conservator for John Doe. DRT requested copies of confidential records pertaining to John Doe. According to DRT, both Ms. Norwood and Orange Grove refused DRT's request to provide copies (or an authorization to obtain copies) of the requested records. When negotiations among the parties proved to be unavailing, Ms. Norwood filed suit in the Chancery Court of Hamilton County, Tennessee, to determine the degree to which Orange Grove and Ms. Norwood, as conservator for John Doe, would be required to cooperate with DRT in its request to obtain records and conduct an investigation relating to allegations of abuse against John Doe.

In the original lawsuit filed in state court, Ms. Norwood named Orange Grove as a defendant. DRT removed that lawsuit to federal court based on federal question jurisdiction. After removal, the District Court realigned Orange Grove as a plaintiff in this action after determining that the primary interests of Ms. Norwood and Orange Grove are aligned, i.e., both parties assert they should not be required to provide John Doe's confidential records to DRT. [*See* Doc. 45 March 19, 2024 Order realigning parties]. Subsequently, Ms. Norwood and Orange Grove moved to file a joint amended complaint. [Doc. 36]. DRT opposes the motion.

### III. Discussion

#### A. Standard of Review

In determining whether to permit amendment of a complaint, the Court looks to Fed. R. Civ. P. 15 for guidance concerning the substantive reason for the proposed amendment and Fed. R. Civ. P. 16(b) for direction concerning the timing of the proposed amendment. Rule 16 requires the Court to include a deadline for the amendment of pleadings in its scheduling order, and it permits modification of the scheduling order "only for good cause and with the judge's consent." Rule 16(b)(3)-(4); see also *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Under Rule 15(a)(2), a court should give leave to amend a pleading "when justice so requires." Leave is appropriate "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment, etc. . . ." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

#### B. Analysis

The deadline to amend the pleadings in this case is April 29, 2025. Consequently, Rule 16(b) provides no impediment to the amendment sought by Plaintiffs. Turning to Rule 15, the Court finds no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment. The Court observes that a consolidated complaint became necessary once the Court realigned Orange Grove as a plaintiff with Linda Norwood, and discovery does not close until June 6, 2025, leaving the parties ample time to conduct discovery. In its response, DRT asserts that that Court should deny the motion to amend because Plaintiffs' claims in the proposed

amended complaint are futile. In other words, DRT invites the Court to conduct an analysis of the proposed amended complaint under Fed. R. Civ. P. 12(b)(6) or 12(c) before granting the motion to amend.

Federal Rule of Civil Procedure 1 is the foundational underpinning for all the Federal Rules of Civil Procedure. Rule 1 provides, in relevant part, that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." To preserve judicial resources and avoid duplication of effort, this Court will grant Plaintiffs' motion to amend without making any findings as to the futility—or lack thereof—of Plaintiffs' claims. Such order will be without prejudice to Defendant DRT's right to file a dispositive motion under Fed. R. Civ. P. 12(b)(6) or 12(c) in response to the amended complaint.

## IV. Conclusion

### A. Order

For the reason stated herein, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint [Doc. 65] is **GRANTED** without prejudice to DRT's filing a motion to dismiss pursuant to Rule 12(b)(1) or a motion for judgment on the pleadings pursuant to Rule 12(c) as to any claims in the Joint Amended Complaint. Plaintiffs shall file their Amended Complaint within seven days of entry of this Order.

B.   **Report and Recommendation**

For the reasons set forth above, it is also hereby **RECOMMENDED**[1] that DRT's Motion for Judgment on the Pleadings on all Claims [Doc. 53] be **DISMISSED AS MOOT**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).